[S. F. No. 14610. In Bank.—May 11, 1933.]

JOHN RAPHAEL, Appellant, v. JOHN MOARES, etc., et al., Respondents.

Frank M. Carr for Appellant.

J. E. Rodgers and A. F. Bray for Respondents.

PRESTON, J.—Plaintiff Raphael and defendant Moares own respectively adjoining ranch properties. Plaintiff instituted this action to perpetually restrain said defendant from entering upon his premises and plowing, scraping or constructing any roadway thereon; also for $5,000 damages for past trespasses. Defendant answered, claiming a right of way and easement over plaintiff's land, appurtenant to his land. Findings and judgment were rendered in his favor. Plaintiff appealed.

The sole question is whether the evidence supports the findings and judgment, or to state the matter another way, did the evidence, which showed that defendant had used this roadway for more than twenty years, also sufficiently establish that such use was adverse, under a communicated claim of right, and not merely permissive, or a matter of neighborly accommodation?

During the opening hours of the trial the court below took the precaution to admonish counsel that mere evidence of general use of the roadway over a long period of years by defendant and other neighbors and persons would not constitute a sufficient proof that defendant's use thereof was adverse rather than permissive. Plaintiff, defendant and numerous other witnesses thereafter gave testimony bearing upon the character of defendant's right, which evidence was indeed highly conflicting.

The court, however, found that defendant had used the roadway for many years for transporting farming implements and hay to and from his lands to the county road and for pedestrian and vehicular purposes and that this use was during all of said times under a claim of right, open, actual, exclusive, notorious, continuous and adverse and that defendant claimed to own said easement against plaintiff and the whole world. The record supports these findings. It would also have supported findings to the contrary. However, the latter fact is immaterial as we need

only determine whether the decision made is supported by sufficient evidence and we believe that it is.

A *résumé* of the proof would serve no purpose. We might say, however, that said roadway over the land of plaintiff is well-defined and graded and forms the connecting link between defendant's ranch and the county road. Other than a roundabout way, so steep as to be impractical for vehicular travel, said easement affords defendant the only means of egress from his ranch. He testified that he used the road on an average of once a week for over twenty years; that he never considered it necessary to secure permission so to do. Other witnesses testified that the road had existed and been in use for more than forty years. At times, when small sections of it were plowed and planted, or a volunteer crop sprang up, people would drive across the cultivated portion or temporarily go around it. Further, defendant testified to having repaired and worked on the road, over the protest of plaintiff, on occasions dating back twelve or fifteen years. The account of these occurrences, when credited by the court below, afforded ample reason for the conclusion reached therein.

The question of whether a presumption that defendant's claim was adverse arose by reason of the unhindered use of the road over so long a period, and similar matters, require no comment in view of our aforesaid conclusion that the findings and judgment have sufficient direct support in the evidence.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Thompson, J., concurred.